## L. Grant Lundberg, Public Administrator, Appellant, v. Charles J. Johnson, Administrator of the Estate of John William Johnson, Deceased, Appellee.

### Gen. No. 7,566.

1. ESTATES OF DECEDENTS—*public administrator's right secondary to nominee of next of kin.* The right of the public administrator to letters of administration is secondary to that of next of kin under Administration Act, sec. 18, Cahill's Ill. St. ch. 3, ¶ 18, prescribing the order of preference, and the nominee of a resident first cousin of the decedent who left no other relatives except an incompetent sister and another first cousin, having been duly appointed and qualified pursuant to such nomination, will not be removed at the suit of the public administrator who was subsequently nominated by the other first cousin.

2. ESTATES OF DECEDENTS—*cousin as next of kin under Administration Act.* A first cousin of intestate, residing within the State, is a next of kin of intestate within the meaning of Administration Act, sec. 18, Cahill's Ill. St. ch. 3, ¶ 18, prescribing the order of preference for letters, where there is no other blood relative within the State except an insane sister and another first cousin, and the nominee of such first cousin has a preferential right over the public administrator.

3. ESTATES OF DECEDENTS—*right to inherit not necessary qualification for letters.* The right of a next of kin to letters of administration or to nominate is not limited to such next of kin as are entitled to inherit, Administration Act, sec. 18, Cahill's Ill. St. ch. 3, ¶ 18, making no discrimination between next of kin who inherit and those who do not.

4. ESTATES OF DECEDENTS—*right of public administrator to letters not increased by nomination by next of kin.* A public administrator, whose right to letters on the estate of an intestate is secondary to that of a previously appointed nominee of a resident next of kin of the decedent, acquires no additional rights under a subsequent nomination by another next of kin.

Appeal by plaintiff from the Circuit Court of Ford county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed July 10, 1923.

F. M. THOMPSON and CLAUDE M. SWANSON, for appellant.

W. R. NELSON, E. J. PACEY and SCHNEIDER & SCHNEIDER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

On August 11, 1922, Della Finfrock, a cousin of John William Johnson, who died intestate on August 1, 1922, filed her petition, as next of kin of the deceased, in the county court of Ford county, for the appointment of the appellee, Charles J. Johnson, administrator of the estate of the deceased, who at the time of his death was seized and possessed of a large amount of real and personal property; the amount of the personal property was estimated in the petition to be about $20,000. The petition states that the deceased left surviving him a sister, Ida Johnson, who is the only heir at law, and who is insane, and therefore incompetent to act in the administration of the estate, or to nominate someone to act as such administrator; and that in order to insure the prompt collection of the assets, and to bring them under proper management, an administrator should be immediately appointed. The county court, on consideration of the petition, appointed the appellee under bond of $40,000, and he duly qualified as administrator. Thereafter, on the 17th day of August, the appellant, L. Grant Lundberg, public administrator of Ford county, filed a petition, as such public administrator, asking that the order of the court appointing the appellee as administrator be canceled and set aside, and that letters of administration be issued to him as public administrator; and alleging in the petition that Della Finfrock was not next of kin to the deceased; and that therefore the court was without jurisdiction to act on her petition and the appointment of the appellee; and that the only next of kin of said deceased was the sister, Ida Johnson, who had been adjudged insane, and was incompetent to administer the estate, or to nominate any per-

son for that purpose; and that therefore, by virtue of his right under the statute, he prayed to be appointed. The appellant also attached to his petition a written request by Mrs. Minnie Nugent, a first cousin of the deceased, for his appointment. On motion of the appellee the county court denied the appellant's petition and struck it from the files, and on appeal to the circuit court the same order and judgment were entered. This appeal is prosecuted from the judgment and order of the circuit court.

The facts which have a bearing on the questions presented on appeal are agreed upon and settled by a stipulation of the parties, which is as follows:

"It is hereby stipulated by and between C. M. Swanson and F. M. Thompson, Attorneys for L. Grant Lundberg, Public Administrator, and W. R. Nelson, Schneider & Schneider and E. J. Pacey, Attorneys for Charles J. Johnson, Administrator of the Estate of John William Johnson, deceased, that John William Johnson died intestate on August 1st, 1922, a resident of Ford County, Illinois, and owning both real and personal estate. That he never married, and left him surviving no wife, no child, no father, no mother, no brother, no grandchildren, but did leave him surviving Ida Johnson, his sister, who was insane at the time of his death and confined in an insane hospital at Kankakee, Illinois, and that she was insane on the date of entry of the order in the County Court of Ford County appointing Charles J. Johnson, Administrator, and was confined at that time in said insane asylum and is insane now; that outside of the insane sister, his only other relatives, residents of the State of Illinois, at the time of his death, were Della Finfrock and Minnie Nugent, cousins."

It was also expressly stipulated that Della Finfrock and Mrs. Minnie Nugent were first cousins to the deceased, and the only first cousins who are residents of the State. The question for our determination is whether the appellant, as public administrator, had

the right under the provisions of the statute, and on the basis of the facts here presented, and alleged in his petition, to have the letters of administration which had previously been issued to the appellee canceled and set aside, and to be appointed in the place of the appellee. Neither the petition nor the stipulated facts raise any question about the competency of the appellee to act as administrator. The provisions of the statute concerning preference in administering upon the estate of a deceased intestate are contained in section 18 of the Administration Act [Cahill's Ill. St. ch. 3, ¶ 18], and are as follows:

"1st. To the surviving husband or wife, or any competent person nominated by him or her.

"2d. To the children or any competent person nominated by them.

"3d. To the father or any competent person nominated by him.

"4th. To the mother or any competent person nominated by her.

"5th. To the brothers or any competent person nominated by them.

"6th. To the sisters or any competent person nominated by them.

"7th. To the grandchildren or any competent person nominated by them.

"8th. To the next of kin or any competent person nominated by them.

"9th. To the public administrator or to any creditor who shall apply for the same."

It will be noticed that in the preference provided for by section 18, the public administrator comes after the next of kin of the deceased, in his right of appointment. In *Dupee v. Follett*, 304 Ill. 166, which is the latest expression of the Supreme Court in the construction of section 18, and its preferential features, and the rights of a public administrator to administer upon intestate estates, the court says: "The statute contemplates the public administrator shall act when

an intestate leaves property in this State and there is no relative or creditor within this State who will administer. If the deceased leaves relatives in this State who will administer and they seek to do so before the public administrator is appointed, they have a right to do so, even though they did not attempt to exercise that right within sixty days. The reason for creating the office of public administrator was to give authority to someone to administer on intestate estates where no relative or creditor would administer. If administration is required to conserve the estate and relatives and creditors of the deceased will not administer, it is the duty of the public administrator to do so. The office was created for the benefit of such estates, and if the heirs apply for letters of administration before application is made to commit the administration to the public administrator, * * * letters should be granted to them or to the person they nominate. It is the clear intent of the legislature that relatives and creditors of the intestate should be preferred to the public administrator.''

It is alleged in appellant's petition, and insisted on in the argument of his counsel, however, that Della Finfrock is not a next of kin. Next of kin are the nearest blood relatives. 29 Cyc. 1044. And the next of kin contemplated by the statute are the next of kin or nearest blood relatives of a deceased which come after the sisters and grandchildren, which in this case would mean the first cousins, namely, Della Finfrock and Mrs. Minnie Nugent. It is also contended that the next of kin referred to by the statute means next of kin who inherit the estate or have some interest therein. It is a sufficient answer to this contention, we think, to point out the fact that the statute makes no such qualification; it does not discriminate between next of kin who inherit and those who do not inherit. For the reasons stated, we are of opinion that there was no error in denial of the prayer of appellant's petition and striking it from the files. The mere re-

quest of one of the two next of kin for the appointment of the public administrator, after appellee had been appointed and qualified, we think, would not add any additional legal force to the appellant's right to be appointed; a different question, however, would have arisen if Mrs. Minnie Nugent would have asked to be appointed.

The judgment is affirmed.

*Affirmed.*